EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Richard de Jesús Viñas y otros<br><br>      Demandantes-peticionarios<br><br>             vs.<br><br> Romualdo González Lugo y otros<br><br>       Demandados-recurridos | Certiorari<br><br>2007 TSPR 43<br><br>170 DPR \_\_\_\_ |

Número del Caso: CC-2005-822

Fecha: 9 de marzo de 2007

Tribunal de Apelaciones:

                Región Judicial de Caguas


Panel integrado por su Presidente, el Juez Sánchez Martínez, la Juez Cotto Vives y el Juez Vivoni del Valle


Abogados de la Parte Peticionaria:

                Lcdo. Alejandro Comporreale Mundo
                Lcdo. Modesto L. Rodríguez Suárez
                Lcda. Vanessa Medina Romero

Abogada de la Parte Recurrida:

                Lcda. Clotilde M. Picart Laguer


Materia: Cobro de Dinero


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Richard de Jesús Viñas y otros

    Demandantes-peticionarios

        vs.                         CC-2005-822      CERTIORARI

Romualdo González Lugo y otros

    Demandados-recurridos

OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 9 de marzo de 2007

El 23 de octubre de 2001 Richard de Jesús Viñas y Aida E. Rivera Velázquez presentaron ante el Tribunal de Primera Instancia, Sala Superior de Caguas, una demanda sobre cobro de dinero, daños e incumplimiento de contrato --por una obra de construcción no terminada-- en contra de "The House Factory, Inc.," Romualdo González Lugo y Francisco Moll Quiñones, entre otros.[1] En ésta

---

[1] Del epígrafe de la demanda surge que se incluyeron como partes demandadas a la esposa de Romualdo González Lugo, la esposa de Francisco Moll Quiñones, sus respectivas sociedades de bienes gananciales y ciertas compañías de seguro de nombre desconocido. De igual forma, surge de la demanda que Romualdo González Lugo fue demandado en calidad de presidente y único accionista de la compañía en cuestión, al momento de los hechos, mientras que Francisco Moll Quiñones en calidad de empleado y representante de la misma.

reclamaron el pago de ciertas sumas de dinero por el incumplimiento del contrato de arrendamiento de obras suscrito con "The House Factory, Inc.,".[2]

Los emplazamientos dirigidos a Romualdo González Lugo y a "The House Factory, Inc.," fueron diligenciados el 21 de junio de 2002.[3] Transcurrido el término dispuesto en las Reglas de Procedimiento Civil sin que Romualdo González Lugo y "The House Factory, Inc.," presentaran sus respectivas contestaciones a la demanda, la parte demandante-peticionaria solicitó del tribunal de instancia que anotara la rebeldía de éstos. Conforme a lo solicitado, el 5 de septiembre de 2002, el Tribunal de Primera Instancia anotó la rebeldía de las partes co-demandadas en cuestión.

Luego de estimarse como no radicada, por falta de aranceles, una moción de desestimación presentada por Romualdo González Lugo por conducto del Lic. Félix A.

---

[2] Previo a la presentación de la demanda ante el Tribunal de Primera Instancia, Richard De Jesús Viñas acudió ante el DACO mediante querella sobre incumplimiento de contrato en contra de "The House Factory, Inc.," y Francisco Moll Quiñones. Dicha agencia emitió una resolución en la cual ordenó a "The House Factory, Inc.," satisfacer a Richard De Jesús Viñas la suma de $83,568.00. "The House Factory, Inc.," no cumplió con la orden emitida.

[3] El Tribunal de Primera Instancia le concedió a la parte demandante-peticionaria una prórroga para llevar a cabo el diligenciamiento de los emplazamientos. En el expediente constan las copias de los emplazamientos diligenciados a Romualdo González Lugo y a "The House Factory, Inc.," debidamente juramentados por el señor Raúl Urrutia. El emplazamiento de Francisco Moll Quiñones, luego de solicitada la correspondiente autorización del Tribunal de Primera Instancia, fue realizado mediante edictos.

Rodríguez Mejia[4], el 30 de septiembre de 2002 la parte demandante-peticionaria solicitó que se dictara sentencia en rebeldía en contra de Romualdo González Lugo y "The House Factory, Inc.," por la suma reclamada en la demanda. Una vez celebrada la vista en rebeldía y presentada la evidencia documental en apoyo a la cuantía solicitada, el 22 de enero de 2003 el Tribunal de Primera Instancia dictó sentencia ordenándole a los demandados satisfacer, en forma solidaria, $146,151.46 a la parte demandante-peticionaria.[5] Dicha sentencia le fue notificada a las partes el 14 de febrero de 2003 y publicada mediante edicto en un periódico de circulación general los días 27 y 28 de febrero y 1 de marzo de 2003. Copia de la

_____

[4] Romualdo González Lugo —por conducto del Lic. Félix A. Mejía Rodríguez— presentó una moción de desestimación sin someterse a la jurisdicción del tribunal en la cual adujo, en síntesis, que no había sido emplazado en el caso. La parte demandante-peticionaria se opuso a la misma alegando que Romualdo González Lugo fue debidamente emplazado y que ello así consta de la copia del emplazamiento que fue diligenciado. El Tribunal de Primera Instancia no proveyó nada al respecto debido a que la moción de desestimación le fue devuelta a la parte demandada en cuestión y se consideró, para todos sus efectos, como no radicada por falta de aranceles. No surge del expediente que la deficiencia arancelaria detectada fuera corregida.

[5] La suma total concedida se compone de las siguientes partidas: 1. $83,568.00 concedidos por el DACO mediante resolución; 2. $7,583.46 por concepto de intereses devengados según dispuestos en la resolución del DACO; y 3. $55,000.00 por concepto de gastos incurridos para reparar defectos de construcción y terminar la obra abandonada. Esta última partida, ascendente a $55,000.00, no fue incluida en la resolución del DACO. La sentencia también fue dictada en contra de Francisco Moll Quiñones, quien para la fecha había sido emplazado mediante edictos y no había comparecido ante el tribunal.

sentencia publicada por edictos le fue enviada por la parte demandante-peticionaria al representante legal de Romualdo González Lugo, el Lic. Félix A. Rodríguez Mejía.

Tras varios incidentes procesales --entre éstos una moción por parte de Lic. Félix A. Rodríguez Mejía solicitando disculpas por su pobre manejo del caso a causa de una depresión crónica-- el 9 de junio de 2003 Romualdo González Lugo presentó ante el Tribunal de Primera Instancia una moción de relevo de sentencia bajo la Regla 49.2 de las de Procedimiento Civil. En ésta alegó que tenía a su haber varias defensas afirmativas que justificaban dejar sin efecto la sentencia impuesta, a saber, falta de emplazamiento e inexistencia de relación contractual con "The House Factory, Inc.," al momento de los hechos. Luego de la oportuna oposición de la parte demandante-peticionaria a la solicitud de relevo de sentencia, el Tribunal de Primera Instancia denegó la misma mediante orden emitida el 30 de junio de 2003 y notificada el 2 de julio de 2003.

Insatisfecho, el 27 de octubre de 2003 Romualdo González Lugo acudió --mediante recurso de apelación-- ante el Tribunal de Apelaciones, aduciendo, en lo pertinente, que el tribunal de instancia erró al denegar la moción de relevo presentada.[6] Dicho foro, luego de acoger el recurso

---

[6] Previo a acudir ante el Tribunal de Apelaciones, a nivel de instancia ya había comenzado el proceso de ejecución de sentencia. Como parte de dicho proceso y en cumplimiento

(Continúa . . .)

como uno de *certiorari*, denegó su expedición mediante resolución emitida el 30 de agosto de 2004 y notificada el 13 de septiembre de 2004[7]; ello por haberse presentado el recurso fuera del término de 30 días reglamentario, sin que se demostrase justa causa para la demora. Dicho foro sostuvo que la condición mental alegadamente padecida por el Lic. Félix A. Rodríguez Mejía no constituía justa causa, pues aún contando el término a partir del 3 de agosto de 2003 --fecha hasta la cual el récord médico indicaba que el abogado estuvo inhabilitado-- el recurso fue radicado fuera del plazo de 30 días de cumplimiento estricto.

---

con las órdenes del tribunal, el 19 de septiembre de 2003 Romualdo González Lugo compareció ante el tribunal para una toma de deposición en aseguramiento de sentencia asistido por el Lic. Félix A. Rodríguez Mejía. Del expediente no surge que en dicha ocasión el Lic. Félix A. Rodríguez Mejía se encontrara inhabilitado para ejercer sus funciones.

[7] Antes de que el tribunal apelativo intermedio denegara la expedición del recurso, la parte demandante-peticionaria presentó ante dicho tribunal una solicitud de desestimación por falta de jurisdicción. Sostuvo que Romualdo González Lugo acudió en revisión de la sentencia dictada por el tribunal de instancia en rebeldía y no de la denegatoria a la moción de relevo de sentencia, por lo cual, el recurso apropiado era el de apelación y el término aplicable el de 30 días jurisdiccional. El Tribunal de Apelaciones, conforme a lo resuelto en Ortalaza García v. F.S.E., 116 D.P.R. 700 (1985) y en Ortiz v. U. Carbide Grafito, Inc., 148 D.P.R. 860 (1999)(Sentencia), acogió el recurso como uno de *certiorari* por tratarse, en esencia, de una revisión de la denegatoria a la moción de relevo de sentencia. De una lectura del recurso presentado ante el Tribunal de Apelaciones se deduce que Romualdo González Lugo señaló como error que el tribunal de instancia haya denegado el relevo solicitado.

El 19 de octubre de 2004 --36 días luego de notificada la resolución antes mencionada-- Romualdo González Lugo presentó una moción de reconsideración ante el tribunal apelativo intermedio. En ésta adujo que la justificación a la tardanza surgía del propio recurso, entiéndase, la condición mental crítica de su abogado. Luego de considerar la moción de reconsideración presentada, el Tribunal de Apelaciones --mediante sentencia emitida el 29 de abril de 2005-- dejó sin efecto la resolución denegatoria que había emitido y revocó la resolución del Tribunal de Primera Instancia denegatoria de la moción de relevo de sentencia. En consecuencia, ordenó la continuación de los procedimientos ante el Tribunal de Primera Instancia.

La parte demandante-peticionaria presentó una moción de reconsideración ante el Tribunal de Apelaciones en la cual sostuvo, en lo pertinente, que el tribunal apelativo intermedio carecía de jurisdicción para atender la solicitud de reconsideración presentada por Romualdo González Lugo, pues ésta se presentó fuera del término jurisdiccional de 15 días dispuesto en la Regla 84 del Reglamento del Tribunal de Apelaciones. El tribunal apelativo intermedio denegó la reconsideración solicitada, determinado que la moción de reconsideración tardíamente presentada por Romualdo González Lugo el 19 de octubre de 2004 había sido acogida por dicho foro como una moción de

relevo de sentencia, por lo cual su presentación fue oportuna.

Inconforme, la parte demandante-peticionaria acudió --mediante recurso de *certiorari*-- ante este Tribunal. Alega, en lo pertinente, que procede revocar la sentencia emitida por el foro apelativo intermedio debido a que éste incidió:

> … al atender la solicitud de reconsideración presentada por el recurrido por haberse radicado fuera del término jurisdiccional de quince (15) días dispuesto en la Regla 84 del Reglamento del Tribunal de Apelaciones.

Expedimos el recurso; estando en condiciones de resolverlo, procedemos a así hacerlo.

I

La Regla 84 (a) del Reglamento del Tribunal de Apelaciones expresamente dispone que "cualquier moción de reconsideración… deberá ser presentada dentro del <u>plazo improrrogable</u> de 15 días contados a partir del archivo en autos de copia de la notificación de la resolución o sentencia del Tribunal de Apelaciones".[8] Según se colige del propio texto de la regla antes mencionada, el término dispuesto para la presentación de una moción de reconsideración es jurisdiccional. Véase: <u>Junta de</u>

---

[8] A pesar de que el Reglamento del Tribunal de Apelaciones fue enmendado en el año 2004, <u>los cambios realizados no alteraron la disposición aquí citada respecto al término para la presentación de una moción de reconsideración.</u>

Planificación v. Frente Unido, res. el 26 de agosto de 2005, 2005 T.S.P.R. 117. "Se trata de un plazo que las reglas caracterizan como "improrrogable", lo cual significa que es jurisdiccional." H.A. Sánchez Martínez, Práctica Jurídica de Puerto Rico; Derecho Procesal Apelativo, § 4302 Término para presentar la moción de reconsideración, Lexis de Puerto Rico, 2001.

Su carácter fatal priva de jurisdicción al Tribunal de Apelaciones pues, "[e]n el caso de términos improrrogables, los tribunales carecen de jurisdicción para entender en el planteamiento si los referidos escritos se presentan fuera de término". R. Hernández Colón, Derecho Procesal Civil, San Juan, Ed. Michie, 1997, pág. 155. Ello debido a que el término jurisdiccional, contrario a un término de cumplimiento estricto, es fatal, improrrogable, insubsanable, no puede acortarse, no es susceptible de extenderse, ni puede eximirse por causa justificada. Jorge E. Martínez, Inc. v. Abijoe Realty Corp., 151 D.P.R. 1 (2000).

En el caso ante nuestra consideración, Romualdo González Lugo presentó su moción de reconsideración el 19 de octubre de 2004, 36 días después del archivo en autos de copia de la notificación de la resolución emitida por el Tribunal de Apelaciones. Ello, de ordinario, sería suficiente para decretar que el Tribunal de Apelaciones no tenía jurisdicción para entender en el escrito de reconsideración radicado por Romualdo González Lugo.

B

No obstante, lo anteriormente expresado no dispone del presente recurso. Como antes expresáramos el Tribunal de Apelaciones resolvió que, aun cuando había transcurrido el término para presentar la moción de reconsideración, tenían jurisdicción por razón de que el escrito radicado fue acogido como una moción de relevo de sentencia. En apoyo de dicha posición, el foro apelativo intermedio citó la jurisprudencia de este Tribunal que le permite a un tribunal de instancia considerar una moción de reconsideración como una de relevo de sentencia, aún después de haber transcurrido el término para considerar la reconsideración o aún después de haber advenido final y firme la sentencia, si dicha moción cumple con los requisitos establecidos en la Regla 49.2 de las de Procedimiento Civil. Véase Pagán Navedo v. Rivera Sierra, 143 D.P.R. 314 (1997); Vega Maldonado v. Alicea Huacuz, 145 D.P.R. 236 (1998); Reyes Díaz v. E.L.A., 155 D.P.R. 799 (2001).[9]

Por tal razón, nos corresponde resolver si la Regla 49.2 de las de Procedimiento Civil, sobre relevo de sentencia, es aplicable a las sentencias u órdenes

_____

[9] Precisamente, en Vega Maldonado v. Alicea Huacuz, ante, la parte afectada por una determinación del tribunal de instancia presentó una moción de reconsideración fuera del término jurisdiccional aplicable y expusimos que nada le impedía al tribunal acoger la reconsideración tardía como una moción de relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil.

emitidas por el Tribunal de Apelaciones. Luego de un examen minucioso del texto de la Regla 49.2, su naturaleza y su jurisprudencia interpretativa, concluimos que ésta sólo se encuentra disponible para sentencias, procedimientos u órdenes emitidas por el Tribunal de Primera Instancia. Veamos.

II

La Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece que:

> Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las siguientes razones:
> (1) Error, inadvertencia, sorpresa, o negligencia excusable;
> (2) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;
> (3) fraude (incluyendo el que hasta ahora se ha denominado intrínseco y también el llamado extrínseco), falsa representación u otra conducta impropia de una parte adversa;
> (4) nulidad de la sentencia;
> (5) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor, o
> (6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.
> Las disposiciones de esta regla no serán aplicables a las sentencias dictadas en pleitos de divorcio, a menos que la moción se funde en los incisos (3) o (4). La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo

esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para:

(a) Conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento;

(b) conceder un remedio a una parte que en realidad no hubiere sido emplazada, y

(c) dejar sin efecto una sentencia por motivo de fraude al tribunal.

Mientras esté pendiente una apelación o un recurso de certiorari de una resolución final en procedimiento de jurisdicción voluntaria, el tribunal apelado no podrá conceder ningún remedio bajo esta regla, a menos que sea con el permiso del tribunal de apelación. Una vez que el tribunal de apelación dicte sentencia, no podrá concederse ningún remedio bajo esta regla que sea inconsistente con el mandato, a menos que se obtenga previamente permiso para ello del tribunal de apelación. En ambos casos, la moción de relevo deberá siempre presentarse ante el tribunal apelado dentro del término antes señalado, y si éste determina que estaría dispuesto a conceder el remedio, se acudirá entonces ante el tribunal de apelación en solicitud del referido permiso. (Énfasis suplido).

Según se infiere del texto antes transcrito, la propia Regla 49.2 "presta particular atención a situaciones en que se solicita el relevo de una sentencia cuando ya se encuentra pendiente su apelación o revisión ante el foro apelativo, o cuando ya se ha realizado tal apelación o revisión. Dispone que el tribunal apelado o revisado no puede conceder el relevo solicitado sin el permiso del tribunal apelativo o revisor". Piazza v. Isla del Río, Inc., res. 31 de enero de 2003, 2003 T.S.P.R. 7. "El requisito sobre la solicitud de permiso al tribunal apelativo o revisor va dirigido a salvaguardar aspectos jurisdiccionales. Se trata de devolverle, de forma

limitada, la jurisdicción al **foro de instancia** para que entienda en el asunto". <u>Pagán Navedo v. Rivera Sierra</u>, 143 D.P.R. 314, 328(1997).

Aun cuando la citada Regla no hace referencia literal al tribunal con jurisdicción para entender en primera instancia en una solicitud de relevo, somos del criterio que cuando la Regla utiliza los términos "tribunal" y "tribunal revisado o apelado", se refiere al Tribunal de Primera Instancia, y que cuando utiliza el término "tribunal apelativo o revisor" se refiere al Tribunal de Apelaciones, tribunal sobre el cual recae el deber de revisar inicialmente las determinaciones del Tribunal de Primera Instancia. La única mención de otro tribunal, distinto al de instancia, es en la medida en que el relevo se solicite luego de presentado un recurso de apelación o revisión ante el tribunal apelativo o de dictada una sentencia por dicho tribunal; situación ante la cual el tribunal apelativo deberá dar su anuencia con el único propósito de devolverle jurisdicción al Tribunal de Primera Instancia, para que sea éste quien entienda en el relevo solicitado pues, la propia Regla establece que pendiente una revisión o ya emitida la sentencia por el tribunal apelativo, la moción debe **siempre** presentarse ante el tribunal apelado, entiéndase, el tribunal de instancia.

De hecho, unas expresiones emitidas por este Tribunal, en <u>Piazza v. Isla del Río</u>, ante, nota 2, a

nuestro juicio claramente establecen que la Regla 49.2 va dirigida únicamente a las sentencias, órdenes o procedimientos del Tribunal de Primera Instancia. Allí, ante alegaciones de que el término "procedimiento" utilizado en la regla se refiere al procedimiento ante el tribunal apelativo, manifestamos que:

> "… [a]l examinarse integralmente el texto de la regla referida es claro que las dos menciones que se hacen en dicha Regla del "procedimiento" se refieren al mismo evento, que en ningún caso es a nivel apelativo. No se trata de una apelación o revisión. Se refiere únicamente a algún procedimiento ante el foro de instancia de cuyos efectos la parte afectada interesa ser relevada. La letra de la Regla es patentemente clara en este sentido…".

En segundo término, el Reglamento del Tribunal de Apelaciones —-el cual rige los procedimientos ante dicho tribunal—- en modo alguno le reconoce facultad al tribunal apelativo intermedio para entender en una moción de relevo de sentencia. Dicho reglamento tampoco incorpora la Regla 49.2 de las de Procedimiento Civil entre sus disposiciones. A pesar de que el tribunal apelativo intermedio forma parte del Tribunal General de Justicia y las Reglas de Procedimiento Civil van dirigidas a los procedimientos celebrados ante dicha entidad[10], ello no significa que todas las figuras incorporadas y reguladas mediante las Reglas de Procedimiento Civil se encuentran

---

[10] Véase Artículo 2.001 de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 L.P.R.A. § 24b, y Regla 1 de las Reglas de Procedimiento Civil, 32 L.P.R.A. Ap. III.

disponibles en los procesos ante el Tribunal de Apelaciones, salvo que la propia regla disponga explícitamente lo contrario.

La naturaleza y el propósito de ambos tribunales son distintos. Mientras que en el Tribunal de Primera Instancia se da la presentación de la prueba y el encuentro entre las partes involucradas, en el tribunal apelativo intermedio la función se limita a la revisión de los procedimientos llevados a cabo ante el tribunal de instancia. En ello precisamente estriba el que ambos tribunales no puedan regirse automáticamente por las mismas reglas. La aplicación automática de las Reglas de Procedimiento Civil al Tribunal de Apelaciones definitivamente desvirtuaría la naturaleza del proceso apelativo, el cual debe caracterizarse por la justicia apelativa rápida y efectiva.

Lo cierto es que este Tribunal estableció las normas que rigen el proceso ante el Tribunal de Apelaciones mediante reglamento especial e incorporó y adecuó al proceso apelativo distintas figuras de las Reglas de Procedimiento Civil. A modo de ejemplo, podemos mencionar la sustitución de partes, el desistimiento, y la moción de reconsideración.

La no inclusión de la Regla 49.2 de las de Procedimiento Civil, como un remedio posterior a las sentencias u órdenes emitidas por el Tribunal de Apelaciones, no se debió a un mero error o inadvertencia,

sino más bien al convencimiento, de parte de este Tribunal, de que la moción de relevo de sentencia y sus pormenores son contrarios al proceso apelativo y sus delimitaciones. Sabido es que la Regla 49.2 provee un mecanismo procesal *post* sentencia para impedir que tecnicismos y sofisticaciones frustren los fines de la justicia e incorpora la facultad de los tribunales para dejar sin efecto alguna sentencia u orden suya por causa justificada. Ortiz Serrano v. Ortiz Díaz, 106 D.P.R. 445 (1977); Reyes Díaz v. E.L.A., ante; Piazza v. Isla del Río, ante.

Mediante la referida disposición reglamentaria una parte puede librarse de los efectos de una sentencia si logra demostrar la existencia de, al menos, una de las seis causales estipuladas en la regla. La invocación de alguna de las causales puede requerir la presentación de prueba para sustanciarla y, por ende, la celebración de una vista evidenciara a esos efectos. Ortiz Serrano v. Ortiz Díaz, ante. De igual forma, hemos reconocido el derecho de las partes a utilizar las reglas sobre el descubrimiento de prueba con el objetivo de que éstas se preparen adecuadamente para la vista evidenciaria sobre el relevo de la sentencia. G.A.C. Fin. Corp. V. Rodríguez, 102 D.P.R. 213 (1974).

No albergamos duda de que todos los pormenores antes mencionados van más allá de las funciones delegadas al Tribunal de Apelaciones, a saber, (a) corregir errores del

tribunal sentenciador; (b) servir como agente catalítico en las revisiones de la doctrina y de la ley; (c) advertir sobre problemas que plantea una ley; (d) destacar situaciones que requieran reglamentarse por la Asamblea Legislativa; (e) señalar al Tribunal Supremo áreas en que se hace imperativo el cambio; (f) permitir que el Tribunal Supremo pueda tener mayor desahogo y pueda servir al máximo de agente en su función social de pautar e interpretar el derecho; y (g) ayudar en la congestión de casos al Tribunal Supremo. H.A. Sánchez Martínez, _Práctica Jurídica de Puerto Rico; Derecho Procesal Apelativo_, § 203 El Tribunal de Circuito de Apelaciones, Lexis de Puerto Rico, 2001. _Permitirle al Tribunal de Apelaciones acoger una moción de relevo de sentencia podría, incluso, conllevar que las partes introduzcan prueba o elementos a nivel apelativo que nunca fueron examinados a nivel de instancia, actuación que desde tiempo inmemorial hemos vedado_. Véase: _Autoridad sobre Hogares de Puerto Rico v. Sagastivelza_, 71 D.P.R. 436 (1950); _Ortiz v. K.A. Developers_, 136 D.P.R. 192 (1994).

En _Vega v. Empresas Tito Castro_, 152 D.P.R. 79 (2000), ampliamos el margen de aplicación de la Regla 49.2 de las de Procedimiento Civil a las agencias administrativas. Sin embargo, la aplicación de dicha regla al Tribunal de Apelaciones presenta un escenario muy distinto. En el caso de las agencias administrativas, la disponibilidad de la moción de relevo, como remedio post

sentencia, en nada afecta el proceso adjudicativo administrativo, el cual se caracteriza por ser flexible y menos rígido que el proceso ante los tribunales. Además, hasta cierto punto, la función adjudicativa de una agencia administrativa --a diferencia de la función revisora del Tribunal de Apelaciones-- se asemeja a la del Tribunal de Primera Instancia. Pues, de ordinario, en ambos foros la formulación de una determinación conlleva el descubrimiento de prueba, la celebración de vistas evidenciarias y la aquilatación en primera instancia de la prueba presentada.

Por último, y como mencionáramos antes, la facultad de acoger una moción de reconsideración como una de relevo fue reconocida por este Tribunal en Pagán Navedo v. Rivera Sierra, ante; en Vega Maldonado v. Alicea Huacuz, ante; y en Reyes Díaz v. E.L.A., ante. De un examen de los hechos acaecidos en los referidos casos, podemos percatarnos de que el tribunal involucrado y al cual, en efecto, le reconocimos la facultad en cuestión fue al Tribunal de Primera Instancia. Por lo cual, dentro del alcance de interpretación de nuestra jurisprudencia, el cual gira en función de los hechos y circunstancias presentes en cada caso, no podemos avalar la actuación del Tribunal de Apelaciones en el presente caso de acoger una moción de reconsideración como una de relevo de sentencia y de relevar a una parte de una determinación previamente emitida por dicho foro, en virtud de una reconsideración

presentada tardíamente. Nuestras decisiones anteriores en modo alguno facultaron al tribunal apelativo a así actuar.

En fin, el Tribunal de Apelaciones carece de jurisdicción para entender en una moción de relevo de sentencia y, en consecuencia, para acoger una moción de reconsideración presentada tardíamente como una de relevo. Por consiguiente, resolvemos que la presentación de la moción de reconsideración de Romualdo González Lugo, fuera del término jurisdiccional de 15 días, privó de jurisdicción al Tribunal de Apelaciones. Era deber ineludible del tribunal apelativo intermedio, como celoso guardián de su jurisdicción, declarar no ha lugar la reconsideración solicitada por falta de jurisdicción. Sabido es que ningún tribunal puede abrogarse una jurisdicción inexistente y que la falta de jurisdicción no es susceptible de ser subsanada. Souffront Cordero v. A.A.A., res. el 21 de abril de 2005, 2005 T.S.P.R. 49.

La parte afectada por una sentencia o resolución del Tribunal de Apelaciones tiene a su haber la moción de reconsideración ante dicho foro y el recurso de *certiorari* ante este Tribunal, pero, claro está, dentro de los respectivos términos jurisdiccionales dispuestos en la reglamentación aplicable. Resolver lo contrario sería alargar aún más el proceso apelativo, en detrimento de la sana administración de la justicia.

II

En mérito de lo antes expuesto, resolvemos que el Tribunal de Apelaciones actuó sin jurisdicción al considerar la moción de reconsideración presentada por Romualdo González Lugo y al emitir la sentencia de 29 de abril de 2005.

Se dictará Sentencia de conformidad.

FRANCISCO REBOLLO LÓPEZ
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Richard de Jesús Viñas y otros

    Demandantes-peticionarios

        vs.               CC-2005-822     CERTIORARI

Romualdo González Lugo y otros

    Demandados-recurridos

SENTENCIA

San Juan, Puerto Rico, a 9 de marzo de 2007

Por los fundamentos expuestos en la Opinión que antecede, la cual forma parte íntegra de la presente, se dicta Sentencia dejando sin efecto la emitida por el Tribunal de Apelaciones el 29 de abril de 2005, quedando en efecto la resolución emitida por ese foro el 30 de agosto de 2004 y, por consiguiente, la resolución emitida por la Sala Superior de Caguas del Tribunal de Primera Instancia el 30 de junio de 2003.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri emitió Opinión Concurrente.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Richard de Jesús Viñas y
Otros

    Demandantes-Peticionarios

        vs.                CC-2005-822     Certiorari

Romualdo González Lugo y
Otros

    Demandados-Recurridos



Opinión Concurrente emitida por el Juez Asociado señor Fuster Berlingeri.

San Juan, Puerto Rico, a 9 de marzo de 2007.


En varias ocasiones hemos resuelto ya que para beneficiarse de lo dispuesto en la Regla 49.2 de Procedimiento Civil de Puerto Rico, sobre relevo de sentencia, la parte en cuestión tiene que satisfacer el requisito de haber sido **"diligente en todo momento en la tramitación del asunto de que se trate"**. Hemos hecho hincapié en que una parte que ha acudido al tribunal y puesto en movimiento la maquinaria judicial, pero que luego no muestra la diligencia requerida en continuar con los trámites judiciales de rigor, no puede pretender ser relevado de las consecuencias de su comportamiento. Ello es ya norma reiterada por este Tribunal. Véase, <u>Vega v. Emp. Tito Castro, Inc.</u>, 152 D.P.R. 79, 88 (2000); <u>Neptune</u>

Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 292 (1988); Dávila v. Hosp. San Miguel, Inc., 117 D.P.R. 807 (1986).

Es por lo anterior que coincido con lo dictaminado por la mayoría del Tribunal, aunque por otro fundamento, de que en el caso de autos el Tribunal de Apelaciones estaba impedido de considerar como una moción de relevo de sentencia la moción de reconsideración presentada por la parte recurrida.

En este caso, el recurrido no fue diligente en la tramitación de su caso, según surge de los hechos narrados por la mayoría en su propia Opinión. No cualifica, por ende, para el beneficio de un relevo de sentencia concedido por el foro apelativo.

Concurro, pues, con el resultado al que llega la mayoría en el caso de autos.


                                   Jaime B. Fuster Berlingeri
                                        Juez Asociado