Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ABC PHARMACY, INC.<br><br>RECURRIDA<br><br>V.<br><br>MASÍAS AT THE HILLS, LLC; OVIDIO TORRENS CASTRO; CARMEN DELIA CALDERÓN ESTRADA Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR AMBOS; INIABEL VANESSA ÁLVAREZ MONZÓN<br><br>PETICIONARIOS | KLCE202400715 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Sala: 805<br><br>Civil Núm.: FA2021CV00693<br><br>Sobre: Cobro de dinero y Ejecución de Hipoteca por la Vía Ordinaria |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard, y la Jueza Díaz Rivera.

Brignoni Mártir, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de julio de 2024.

Comparece el señor Ovidio Torrens Castro (en adelante, el señor Torrens Castro) mediante una *Petición de Certiorari*. Nos solicita la revocación de una *Resolución*, emitida el 9 de abril de 2024 y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Fajardo. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* el relevo de sentencia solicitado por la parte peticionaria al amparo de la Regla 49.2 de Procedimiento Civil.

Examinados los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*.

### I.

El 26 de agosto de 2021, ABC Pharmacy, Inc., (en adelante, ABC) instó una *Demanda* en cobro de dinero y ejecución de hipoteca contra Masias at the Hills, LLC (en adelante, Masias), el señor Torrens Castro, la

señora Carmen Delia Calderón Estrada y la sociedad legal de bienes gananciales compuesta por ambos, y la señora Iniabel Vanessa Álvarez Monzón. En ajustada síntesis, la corporación demandante alegó que el bien inmueble objeto de este litigio radica en el Municipio de Luquillo. Aseveró que dicha propiedad se encuentra gravada mediante una garantía hipotecaria, cuyo pagaré corresponde a su favor o a la orden por la suma principal de $300,000.00 más intereses. No obstante, arguyó que la parte demandada adeuda la suma de $389,000.00 más intereses en virtud de dicho pagaré. Por tanto, solicitó el pago de tales cuantías, o de lo contrario, la venta en pública subasta de la propiedad mencionada.

Respectivamente, ABC emplazó a los codemandados A su vez, sometió la correspondiente documentación a los fines de acreditar dicho trámite. Sin embargo, el 12 de octubre de 2021, presentó una *Moción en Solicitud de Anotación de Rebeldía por Falta de Comparecencia y en Solicitud de Sentencia en Rebeldía*. En esencia, señaló que los codemandados no contestaron la demanda dentro del plazo dispuesto en ley. Por tanto, peticionó que el tribunal declarara *Con Lugar* su reclamación judicial, y en su consecuencia, dictara sentencia en rebeldía mediante la cual ordenara la satisfacción de la deuda o se iniciara la venta en pública subasta de la propiedad aludida.

Así solicitado, el 25 de octubre de 2021, el foro primario dictó *Sentencia en Rebeldía*, notificada al día siguiente. En este dictamen, decretó lo siguiente:

> [S]e dicta Sentencia en Rebeldía, condenando a la demandada de epígrafe a pagar al demandante las siguientes sumas: $389,000.00 en principal, más los intereses al 3.000% mensual desde el día 1 de enero de 2020, así como los intereses acumulados y por acumularse a partir de esa fecha y hasta el total y completo repago de la deuda; cargos por demora equivalentes al 2.000% de todos aquellos pagos con atrasos en exceso de 15 días calendarios de la fecha de vencimiento hasta el total y completo repago de la deuda; los créditos accesorios y adelantos hechos en virtud de la escritura de hipoteca; $30,000.00, para el pago de costas, gastos y honorarios de abogado como suma pactada a dichos efectos en el pagaré.

Ante la eventualidad de que la parte demandada no haga efectivo el pago de las sumas adeudadas a ABC se ordenará al Señor Alguacil a efectuar la venta en pública subasta de la propiedad hipotecada y antes relacionada para aplicar el importe de la venta al saldo de la deuda. El tipo mínimo para la primera subasta del inmueble antes relacionado, será el dispuesto en la Escritura de Hipoteca, es decir la suma de $389,000.00. Si no hubiere remate ni adjudicación en la primera subasta del inmueble mencionado, se celebrará una segunda subasta para la cual servirá de tipo mínimo las dos terceras partes (2/3) del precio pactado en la primera subasta, o sea la suma de $259,333.33. Si tampoco hubiere remate ni adjudicación en la segunda subasta se celebrará una tercera subasta para la cual servirá de tipo mínimo la mitad (1/2) del precio pactado para el caso de ejecución, o sea, la suma de $194,500.00.

De ser insuficiente la venta en pública subasta de la propiedad hipotecada para cubrir la totalidad de lo adeudado, ABC queda facultada para ejecutar las garantías adicionales del préstamo que fueran relacionadas en la Demanda.

Eventualmente, el 11 de julio de 2022, ABC sometió una *Moción Solicitando Orden de Embargo y Ejecución de Sentencia*. En esta, expuso que la aludida sentencia no ha sido satisfecha totalmente. Por lo anterior, requirió la expedición de un mandamiento dirigido al Registrador de la Propiedad a los fines anotar a su favor el embargo de la finca ubicada en Luquillo. Al día siguiente, el tribunal de instancia dictaminó una *Orden* en la cual declaró *Con Lugar* la ejecución de la sentencia y la venta en pública subasta.

Ante tales circunstancias, el 2 de abril de 2024, el señor Torrens Castro presentó una *Urgente Moción de Relevo de Sentencia por Fraude al Tribunal y Solicitud Urgente de Remedios Provisionales al Amparo de la Regla 56.1 de Proc. Civ.* Entre otros extremos, argumentó que no suscribió el pagaré original en cuestión. Más bien, indicó que lo suscribió como representante de Masis, quien es la única deudora frente a ABC. En esa dirección, aseveró que en el documento intitulado *Allonge* aparece una firma en tinta negra. Sin embargo, impugnó dicha firma, toda vez que suele emplear tinta azul para tales trámites. Advirtió que lo anterior genera serias dudas sobre si en realidad firmó dicho documento. En vista de ello, solicitó el relevo de sentencia y la paralización de la subasta hasta que un perito rindiese un informe en torno a su firma y la de su esposa.

Por su parte, ABC sometió una *Moción en Oposición a Urgente Moción de Relevo de Sentencia por Fraude al Tribunal y Solicitud Urgente de Remedios Provisionales al Amparo de la Regla 56.1 de Proc. Civ.* A grandes rasgos, arguyó que la parte demanda tuvo tiempo para presentar su alegación responsiva y su defensa afirmativa, pero decidió cruzarse de brazos y permitió que el tribunal le anotara la rebeldía y dictara sentencia en su contra. Sostuvo que dicha sentencia es final, firme e inapelable. Añadió que no presentó escrito de reconsideración ni apelación. Por tanto, no procede conceder el relevo de sentencia peticionado.

Evaluados los planteamientos de las partes, el 9 de abril de 2024, el foro primario emitió *Resolución*, notificada al día siguiente, en la cual declaró *No Ha Lugar* el relevo de sentencia solicitado. En lo atinente, dispuso el siguiente razonamiento judicial:

> En el presente caso Ovidio Torrens Castro fue emplazado personalmente el 8 de septiembre de 2021. Ovidio Torrens Castro no compareció a defenderse, por lo que, de conformidad a la Regla 45.1 de Procedimiento Civil se dieron por admitidas todas las alegaciones bien formuladas y fundamentadas de la demanda. La inacción de Torrens Castro causó o tuvo el efecto de renunciar a la defensa afirmativa que pretende levantar mediante la moción de relevo de sentencia expirados todos los términos para ello. La sentencia del presente caso no se dictó en el vacío sino luego de evaluar detenidamente tanto las alegaciones de la demanda como la evidencia en apoyo a las mismas que obra en autos. En reiteradas ocasiones se ha resuelto que la moción de relevo de sentencia no sustituye la moción de reconsideración de la sentencia ni el recurso de apelación, remedios que Ovidio Torrens Castro se cruzó de brazos y dejó de utilizar pese a tener pleno conocimiento de la sentencia dictada en su contra. Además, la moción de relevo de sentencia no cumple con los supuestos de la Regla 49.2 de Procedimiento Civil y se presenta luego de expirado el término fatal de los seis meses.

En cuanto al remedio provisional, resolvió que procede su concesión como medida cautelar, toda vez que el señor Torrens Castro demostró tener un interés propietario el cual pudiera verse afectado. Así fundamentado, ordenó la paralización de la subasta hasta tanto se disponga lo contrario.

Oportunamente, ABC presentó su *Moción de Reconsideración* a los fines de que el tribunal dejara sin efecto la paralización de la subasta. Por

su parte, el señor Torrens Castro radicó una *Solicitud de Reconsideración a Resolución; y Escrito en Cumplimiento de Orden en Torno a la Moción de Reconsideración de la Parte Demandante*. En esta, sostuvo que procede reabrir el caso para celebrar un nuevo juicio basado en la verdad y la justicia material, y no en documentos cuya autenticidad ha sido seriamente cuestionada. Peticionó, además, mantener la paralización de la pública subasta hasta que se decrete nulidad de la sentencia. Luego de evaluar los argumentos, el 30 de mayo de 2024, el foro primario emitió una *Orden*, en la cual declaró *No Ha Lugar* la reconsideración. Asimismo, decretó la continuidad de los procedimientos.

Inconforme con tal determinación, el 1 de julio de 2024, el señor Torrens Castro acudió ante nos mediante una *Petición de Certiorari*. En su escrito, señaló la comisión de los siguientes errores:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA SALA SUPERIOR DE FAJARDO AL NO RELEVAR AL PETICIONARIO DE LA SENTENCIA EN REBELDÍA DICTADA EL 25 DE OCTUBRE DE 2021.**

**EN SU DEFECTO, ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO ORDENARLE A LA RECURRIDA PONER A LA DISPOSICIÓN DEL PETICIONARIO EL PAGARÉ ORIGINAL, EL ALLONGE ORIGINAL, Y LA ESCRITURA DE MODIFICACIÓN DE HIPOTECA PARA EXAMEN DE SUS PERITOS DEJANDO EN SUSPENSO TODO PROCEDIMIENTO ULTERIOR BASADO EN LA REFERIDA SENTENCIA**.

**II.**

A.      **Recurso de *certiorari***

El *certiorari* es un recurso extraordinario que permite que un tribunal de jerarquía superior revise a su discreción una determinación de un tribunal inferior. *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc*., 207 DPR 994 (2021). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, *Rivera Gómez v. Arcos Dorados Puerto Rico*, 212

DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

Ahora bien, el ejercicio de esta discreción no es absoluto. A esos fines, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, nos concede la facultad para revisar resoluciones u órdenes interlocutorias. No obstante, **es meritorio destacar que, el Tribunal Supremo de Puerto Rico resolvió que "las resoluciones atientes a asuntos post sentencia no se encuentran incluidas entre aquellas determinaciones de naturaleza interlocutoria categóricamente sujetas a escrutinio mediante el recurso de *certiorari"*.** *IG Builders et al.* v. *BBVAPR, supra,* pág. 339. (Énfasis nuestro).

En vista de ello, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari* aplicables a procesos post sentencia. En estos casos, el cuerpo reglamentario establece que el tribunal tendrá en cuenta las siguientes consideraciones:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Tribunal de Apelaciones, *supra.*

Tales criterios orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra.* pág. 209. La aludida regla permite que el

análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra*; *800 Ponce de León v. American International*, 205 DPR 163 (2020). A la luz de lo anterior, no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank v. ACBI*, 200 DPR 724, 736 (2018); Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013). Esta normativa permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Íd. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019); *Citibank v. ACBI, supra,* pág. 735. En virtud de tal discreción, nos corresponde en este ejercicio revisorio ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023).

**B.    Moción de relevo de sentencia a tenor con la Regla 49.2 de Procedimiento Civil**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, provee un mecanismo procesal para solicitar el relevo de los efectos de una sentencia. *García Colón v. Sucn. González*, 178 DPR 527, 539 (2010). Véase, también, *De Jesús Viñas v. González Lugo*, 170 DPR 499, 509 (2007).  A esos fines, la precitada regla establece las circunstancias que motivan el relevo de una sentencia, una orden o un procedimiento judicial:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. 32 LPRA Ap. V, R.49.2. (Énfasis nuestro).

De existir alguno de estos escenarios, la regla debe "ser interpretada liberalmente y cualquier duda debe ser resuelta a favor de la parte que solicita que se deje sin efecto la sentencia". *Náter v. Ramos*, 162 DPR 616, 625 (2004). Véase, también, *Díaz v. Tribunal Superior*, 93 DPR 79 (1966).

En *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283, 294 (1988), el Tribunal Supremo de Puerto Rico extendió los criterios de la Regla 49.2 de Procedimiento Civil, *supra*, a aquellos casos relacionados con la anotación de rebeldía:

> **Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra,* tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia, son igualmente aplicables cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto**. (Énfasis nuestro).

En esa dirección, el promovente de la solicitud de relevo de sentencia deberá presentarla "dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia". Regla 49.2 de Procedimiento Civil, *supra*. No obstante, "si una sentencia es nula, la parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis meses expuesto". *HRS Erase v. CMT*, 205 DPR 689, 699 (2020). Es decir, "ante la certeza de nulidad de una sentencia, resulta mandatorio declarar su inexistencia jurídica; ello independientemente del hecho de que la solicitud a tales efectos se haga con posterioridad a haber expirado el plazo de seis (6) meses establecido en la antes citada Regla 49.2 de Procedimiento Civil". *García Colón v. Sucn. González*, 178 DPR 527, 544 (2010); *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 922 (2000). Sobre este particular, el Máximo Foro establece que:

> El esquema amplio y abarcador de remedios que provee la Regla 49.2 reduce considerablemente el ejercicio de esta acción independiente a los casos en que ha transcurrido el término fatal de seis meses y las circunstancias sean de tal índole que el tribunal pueda razonablemente concluir que mantener la sentencia constituiría una grave injusticia contra una parte que no ha sido negligente en el trámite de su caso y que, además, tiene una buena defensa en los méritos. *Figueroa v. Banco de San Juan*, 108 DPR 680, 689 (1979).

A base de lo anterior, los tribunales tienen la facultad inherente para dejar sin efecto una sentencia nula u obtenida mediante fraude, ya sea a su propia instancia o a instancia de la parte interesada. *López García v. López García*, 200 DPR 50, 62 (2018). En lo pertinente, el fraude se divide en dos categorías, a saber: (1) el fraude al tribunal y (2) el fraude entre partes. Respecto al fraude al tribunal, el Tribunal Supremo especifica las siguientes consideraciones:

> [U]na acción independiente de nulidad de sentencia basada en fraude al tribunal sólo incluye actuaciones cuyo efecto o intención sea mancillar al tribunal como tal, o que es perpetuado por oficiales del tribunal, de tal forma que la maquinaria judicial no pueda ejercer como de costumbre su imparcial labor de juzgar los casos que se le presentan para adjudicación. *Pardo v. Sucn. Stella*, 145 DPR 816, 824 (1998).

A modo ilustrativo, "constituye fraude aquel perpetrado por oficiales del tribunal; la preparación, el uso y presentación de prueba falsa obtenida por soborno; la instigación al perjurio, o que no se emplace debidamente a una parte". *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 562 (2023). Asimismo, una sentencia que tiene como base un pagaré con una firma falsificada configura un ejemplo de fraude al tribunal. G.*A.C. Fin. Corp. v. Rodríguez*, 102 DPR 213, 216 (1974). No obstante, **el fraude nunca se presume, sino que tiene que ser establecido por la parte que alega su existencia**. *Torres v. Junta Ingenieros*, 161 DPR 696, 706-707 (2004). **Las pautas de nuestro ordenamiento jurídico requieren que se pruebe por preponderancia de la evidencia**. *Colón Vega v. Díaz Lebrón*, *supra*, pág. 566. (Énfasis nuestro).

De contar con la prueba necesaria, procede la concesión de este remedio. Este mecanismo procesal provee un justo balance entre dos intereses conflictivos de nuestro ordenamiento jurídico. Por una parte,

aspira a "que todo caso se resuelva justamente, mientras que por otro lado se encuentra el interés de que los litigios concluyan." *HRS Erase v. CMT*, *supra*, pág. 698 (citando a *García Colón v. Sucn. González*, *supra*, pág. 540 (2010)).

Ahora bien, el reconocimiento de esta acción no es una llave maestra para dejar sin efecto sentencias válidamente dictadas. *García Colón v. Sucn. González*, *supra*, pág. 541; *Rivera v. Jaume*, 57 DPR 562, 574 (2002). Su concesión es un asunto altamente discrecional, por lo que es necesario demostrar que existen razones que justifican el remedio solicitado. *Reyes v. ELA et al.*, 155 DPR 799, 812 (2001). Por tanto, **<u>no está disponible para corregir errores de derecho o errores de apreciación o valoración de la prueba que debieron presentarse a través de un recurso apelativo o reconsideración.</u>** *Peña Lacern v. Martínez Hernández*, 210 DPR 425, 439 (2022); *García Colón v. Sucn. González*, *supra,* pág. 542. (Énfasis nuestro).

### III.

En el caso presente, el señor Torrens Castro señala que incidió el Tribunal de Primera Instancia al denegar el relevo de la sentencia en rebeldía dictada en su contra. Contiende que la parte recurrida sometió prueba fraudulenta para obtener una sentencia a su favor. En particular, argumenta que el pagaré fue alterado mediante un *allonge* en el cual se modificaron las condiciones del préstamo hipotecario. Aduce, a su vez, que en tal documento aparecen falsificadas su firma y la de su esposa. En cuanto a este planteamiento, indica que presentó un informe preliminar de un perito calígrafo, sin embargo, el foro primario no permitió acceso completo a los documentos originales. Cataloga tal hecho como un error judicial significativo que afecta su derecho a una defensa justa. Por tanto, solicita que revoquemos el dictamen recurrido, y consecuentemente, permita el relevo de la sentencia.

Luego de examinar sosegadamente el recurso presentado, así como la prueba documental sometida, determinamos que no median las

circunstancias que activen nuestras facultades revisoras. La *Resolución* recurrida constituye un dictamen post sentencia no contemplado en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. No obstante, evaluamos el recurso presentado mediante los parámetros orientativos de la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. Efectuado ese análisis, no encontramos los motivos jurídicos para intervenir con la determinación judicial recurrida. La aludida Sentencia fue dictada luego de que el señor Torrens Castro fuera debidamente emplazado por edicto, más optó por no comparecer y presentar oportunamente las defensas que alega le asisten. Recordemos que una solicitud de relevo de sentencia no sustituye a la moción de reconsideración ni a un recurso de apelación. Por tanto, no identificamos indicios de que el tribunal haya actuado con prejuicio o parcialidad o haya incurrido en craso abuso de discreción o en error manifiesto. En vista de lo anterior, denegamos la expedición del auto de *certiorari.*

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto *certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones