G. A. C. FINANCE CORP., demandante y recurrente, *v.* EDUVIGES RODRÍGUEZ CUCHÍ y MIGUELINA RODRÍGUEZ CUCHÍ, demandados y recurridos.

*Número:* O-72-197      *Resuelto:* 30 de abril de 1974

214

*Francisco A. Galeano,* abogado de la recurrente; *Juan Castañer Vélez* y *Miguel A. Velázquez Rivera,* abogados de los recurridos.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

Se nos solicita revisemos una resolución del Tribunal Superior cuyo efecto es permitir que se efectúe descubrimiento de prueba en preparación para una vista sobre una moción de relevo de sentencia por alegado fraude al tribunal bajo la Regla 49.2 de Procedimiento Civil.

Los hechos que culminan en el presente recurso son los siguientes. El 30 de septiembre de 1969, la recurrente obtuvo sentencia en rebeldía contra Eduviges Rodríguez Cuchí y su hermana Miguelina Rodríguez Cuchí. Se reclamaba el monto adeudado de un préstamo personal otorgado por la deman-

dante a Eduviges, alegándose que la codemandada había firmado el pagaré como fiadora solidaria. Se satisfizo el importe de la sentencia mediante el embargo y venta en pública subasta de un automóvil perteneciente a la codemandada.

El 8 de enero de 1970, Doña Miguelina compareció por primera vez alegando que la sentencia es nula por no habérsele notificado la demanda. El tribunal celebró una vista tras la cual declaró sin lugar esta moción.

El 30 de julio de 1971 compareció nuevamente Doña Miguelina alegando en esta ocasión que la sentencia es nula en cuanto a ella se refiere porque ella no se comprometió a garantizar solidariamente la deuda de su hermano. Específicamente alegó que "la firma de la demandada que aparece en el pagaré que dio lugar a dicha demanda no es de la demandada y falsificada [sic]." Con el objeto de prepararse para probar esta alegación, la promovente notificó a la recurrente unos interrogatorios, una moción sobre producción de documentos y otra para que se le informara los testigos que pensaba utilizar la recurrente el día de la vista. (¹) El Tribunal de Distrito motu proprio declaró sin lugar las mociones e improcedentes los interrogatorios. Al así resolver expresó:

"Los interrogatorios, así como la moción solicitando la producción de documentos y la moción solicitando la información sobre testigos son dirigidas a cosas que están resueltas ya en este caso. En este caso hay una presunción de cosa juzgada."

La promovente solicitó del Tribunal Superior la expedición de un auto de certiorari para revisar esta resolución. Se revocó la resolución recurrida ordenándose que se permitiera el descubrimiento de prueba. Se basó el Tribunal Superior en lo siguiente:

---

(¹) Le requirió a la demandante, entre otras cosas, lo siguiente: "15. Someta copia fotostática (por ambos lados) del pagaré del préstamo concedido a Eduviges Rodríguez Cuchí, en la Sucursal de Arecibo, Puerto Rico, el 20 de diciembre de 1968, y en el cual aparece el nombre de la aquí demandante [sic] Miguelina Rodríguez Cuchí, como fiadora solidaria."

"El Tribunal a quo tiene ante sí un proceso adversativo que plantea una controversia justiciable que participa de la naturaleza de un juicio. (*Martínez* v. *Tribunal*, 83 D.P.R. 358); siendo así [*sic*] el peticionario tiene a su alcance los mecanismos de descubrimiento de prueba que ofrecen las Reglas de Procedimiento Civil."

En su petición de *certiorari*, la recurrente le imputa error al Tribunal Superior "al determinar que el Tribunal de Distrito tenía ante sí un proceso adversativo en base a fraude al Tribunal que plantea una controversia justiciable, por lo que el peticionario tenía a su alcance el mecanismo del descubrimiento de prueba."

   ■ El Tribunal Superior resolvió correctamente. Se está haciendo una alegación que en su día podría culminar en una determinación judicial de haberse cometido fraude para obtener una sentencia. En *Municipio de Coamo* v. *Tribunal Superior*, 99 D.P.R. 932 (1971), apuntamos que "nuestra jurisprudencia ha reconocido que constituye *fraude al tribunal* 'la preparación, el uso y la presentación en la vista del caso de prueba falsa obtenida por la parte adversa por medio del soborno y la instigación al perjurio. . . .' " Una sentencia que tiene como base un pagaré con una firma falsificada, a la luz de lo arriba citado, constituye fraude al tribunal. Sin embargo, en la determinación de si efectivamente hubo fraude al tribunal, se debe tomar en cuenta la siguiente expresión que hace el Juez Brennan en el caso de *Shammas* v. *Shammas*, 88 A.2d 204, 208 (1952) : ". . . Una parte que desee ser relevada de una sentencia debe mostrar que el hecho de la falsedad del testimonio no pudo ser descubierto mediante diligencia razonable a tiempo para evitarlo, en el juicio, o que por otras razones válidas la falta de diligencia no es bajo las circunstancias un impedimento para que se deje sin efecto la sentencia. . . ." De prosperar la contención de fraude al tribunal no sería de aplicación el término fatal de 6 meses que dispone la Regla 49.2 para radicar una moción de relevo de sentencia.

Así lo dispone la propia regla. Ver además *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358 (1961).

█ Hemos resuelto reiteradamente que debe brindársele oportunidad a la parte promovente de una moción bajo la Regla 49.2 para que pruebe sus alegaciones, mediante la celebración de una vista en sus méritos. *Martínez* v. *Tribunal Superior,* supra. Esto debe incluir la oportunidad de prepararse adecuadamente para dicha vista utilizando para ello las reglas sobre descubrimiento de prueba. El proceso adjudicativo debe facilitar la búsqueda de la verdad. Sólo así se podrá resolver justamente. *Cf. Martínez Rivera* v. *Tribunal Superior*, 85 D.P.R. 1 (1962).

█ El recurrente le imputa error al Tribunal Superior al decidir que no opera la presunción de cosa juzgada. Es suficiente para disponer de este planteamiento repetir lo expresado en *Pérez* v. *Bauzá*, 83 D.P.R. 220 (1961) (Blanco Lugo), a las págs. 225 y 226:

"En términos generales, puede afirmarse que la regla de cosa juzgada está fundada en consideraciones de orden público y necesidad: por un lado, el interés del Estado en que se le ponga fin a los litigios . . . y por otro lado, la deseabilidad de que no se someta en dos ocasiones a un ciudadano a las molestias que supone litigar la misma causa. . . . Sin embargo, los tribunales se han negado a aplicar en forma inflexible la defensa de cosa juzgada cuando hacerlo derrotaría los fines de la justicia, especialmente si hay envueltas consideraciones de orden público. . . . . Según se ha expresado, la doctrina descansa en el principio básico de que debe propiciarse la terminación de litigios, pero si la aplicación rigurosa de la misma derrotaría en la práctica un derecho permeado en alguna forma del interés público, los tribunales se inclinan hacia la solución que garantice cumplida justicia, en lugar de favorecer en forma rígida una ficción de la ley, que obedece fundamentalmente a un principio de conveniencia y orden procesal. . . . En otras palabras, la regla no es absoluta y debe siempre considerarse conjuntamente con el saludable principio de que debe dispensarse justicia en cada caso."

Ver también *Millán v. Caribe Motors*, 83 D.P.R. 494 (1961).

Por los motivos expresados *se confirmará la resolución del Tribunal Superior, Sala de Mayagüez, que revocó la del Tribunal de Distrito, Sala de Mayagüez, y se devolverá el caso al Tribunal de Distrito para la celebración de una vista en los méritos con oportunidad de utilizar las reglas de descubrimiento de prueba.*