# 97 DTA 130

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN

KEMEL JAMIS BERNAL
Demandante-Recurrido

v.

EL CORTE FRANCES, INC. Y MIGDALIA ABDUL
Demandadas-Peticionarias

v.

CRISTINA BERGES SALVADOR, POR SI Y COMO MADRE CON PATRIA POTESTAD Y
CUSTODIA DE LAS MENORES OLIMPIA Y ATENEA YAPUR BERGES
Interventoras-Peticionarias

Núm. KLCE-97-0134

San Juan, Puerto Rico, a 10 de junio de 1997

Panel integrado por su presidenta, la Juez Alfonso de Cumpiano
y los Jueces Miranda De Hostos y Giménez Muñoz

Giménez Muñoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La corporación peticionaria, El Corte Francés, Inc. y Cristina Berges Salvador, por sí y como madre con patria potestad y custodia de las menores, Olimpia y Atenea Yapur Berges, solicitan la expedición de un recurso de *Certiorari* y la revocación de la resolución del Tribunal de Primera Instancia, Sub-sección de Distrito de San Juan, que declarara sin lugar dos mociones de relevo que fueran presentadas por ellos. Por las consideraciones que expresamos a continuación, expedimos el auto, revocamos y ordenamos la celebración de una vista para la consideración de la segunda de las mociones de relevo.

### I

El Corte Francés, Inc. es una entidad comercial que fue incorporada el 14 de junio de 1982 como una corporación de familia, bajo las leyes del Estado Libre Asociado de Puerto Rico, la cual se dedica a la venta al detal de ropa femenina. Sus oficiales lo eran inicialmente María C. Berges y su esposo, José Yapur Abijana y los hijos nacidos en el primer matrimonio de éste, Matilde y José Yapur Paleo. Antes del señor Yapur Abijana contraer matrimonio con la señora Berges, estuvo casado con Migdalia Abdul. Estos, Yapur Abijana y Abdul, se divorciaron en septiembre de 1988 y mediante la liquidación de la sociedad legal de gananciales, el señor Yapur Abijana adquirió todas las acciones de El Corte Francés, Inc. en junio de 1993. De la unión entre Yapur Abijana y Berges se procrearon dos hijas, Olimpia y Atenea Yapur Berges, a quienes el señor Yapur Abijana le hizo una donación *mortis causa* de la nuda propiedad del negocio.

El 22 de enero de 1996 el recurrido, Kemel Jamis Bernal, presentó demanda en cobro de dinero contra El Corte Francés, Inc. y la Sra. Migdalia Abdul. Alegó que la deuda era por concepto de la venta de oro y prendas de enchape de oro *("gold filled")*. La señora Abdul fue emplazada ██ el 2 de febrero de 1996 y El Corte Francés, Inc. por mediación de la Sra. Milady Cobo, empleada de la corporación.

El 31 de mayo de 1996 el recurrido, afín de que se dictase sentencia en rebeldía, acompañó una declaración jurada suya en la que afirmó que tanto El Corte Francés, Inc. como la señora Abdul le adeudaban la suma de $16,637.30.

Apoyado en esa declaración, el Tribunal de Primera Instancia emitió sentencia contra El Corte Francés, Inc. el 10 de junio de 1996, archivada en autos el 1ro. de julio de 1996.

El 12 de julio de 1996 El Corte Francés, Inc. presentó MOCION SOBRE RELEVO PARCIAL DE SENTENCIA, aduciendo falta de jurisdicción por no habérsele emplazado válidamente y porque no era su responsabilidad el pago de la deuda. La moción sobre relevo de sentencia estuvo fundamentada sobre la alegación de que la sentencia era nula por haberse emitido sin jurisdicción. Es decir, que el emplazamiento dirigido a El Corte Francés, Inc., entregado en la persona de la Sra. Milady Cobo el 6 de febrero de 1996, como encargada, no era válido.

El 7 de agosto de 1996 el Tribunal *a quo* declaró **sin lugar** la moción de relevo y el 23 de agosto del mismo año, El Corte Francés, Inc. solicitó reconsideración y acompañó declaración jurada de la señora Abdul, reconociendo suya la deuda y haciendo un relato de sus actividades comerciales, primero, como codueña de El Corte Francés, Inc. con su entonces esposo, Yapur Abijana y, luego de su divorcio, por su cuenta en un local anexo a El Corte Francés, Inc. Esta reconsideración también fue declarada sin lugar y el 12 de noviembre de 1996 el Tribunal de Primera Instancia autorizó el embargar propiedad de El Corte Francés, Inc. en ejecución de sentencia. [2] .

El 20 de noviembre de 1996 la peticionaria presentó una fundamentada segunda solicitud de relevo que también fue rechazada por el Tribunal de Primera Instancia, sin celebración de vista ni la expresión de fundamentos, mediante resolución de 7 de febrero de 1997.

La segunda moción de relevo de sentencia estuvo predicada en la falta de relación de la señora Abdul con El Corte Francés, Inc., pues al divorciarse el señor Yapur Abijana y la señora Abdul, el 23 de septiembre de 1988, liquidaron la sociedad legal de gananciales y el señor Yapur Abijana adquirió la totalidad de las acciones de la entidad. Se alegó, además, que después del divorcio, la señora Abdul continuó separadamente de la corporación con la venta de bisutería en un lugar contiguo y, finalmente señaló que la corporación carecía de responsabilidad, pues la verdadera responsable de lo adeudado, alegó, lo es la señora Abdul. A estos efectos señaló que según su propia admisión y en declaración jurada que presentara, la señora Abdul había aceptado que la deuda era suya y no de la corporación. Adujo que constituye fraude la declaración falsa que presentara el demandante y que diera lugar a la sentencia. La recurrente señala otras razones para su solicitud de relevo, como que el señor Yapur Abijana había desatendido contestar la demanda por su condición de salud (padecía de cáncer terminal); porque creyó que la señora Abdul habría de hacerse cargo de la deuda, ya que ella había incluido en su listado de deudas ante la Corte de Quiebras la acreencia de la parte demandante y que las accionistas de la corporación lo eran las hijas menores del señor Yapur Abijana y su viuda, quienes solicitaron intervenir.

El Tribunal de Primera Instancia, sin la celebración de vista para considerar los señalamientos, emitió resolución de 7 de febrero de 1997, declarando no ha lugar la solicitud de relevo de sentencia. En su apelación de 21 de febrero de 1997, El Corte Francés, Inc. señala la comisión de tres errores, a saber: no dejar sin efecto la sentencia dictada en rebeldía, no celebrar vista evidenciaria y no admitir la intervención de las menores.

## II

El mecanismo que establece la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2, permite a los tribunales suspender el efecto de una sentencia final y firme, orden o resolución, cuando están presentes las siguientes circunstancias:

(1) error, inadvertencia, sorpresa o negligencia excusable;

(2) descubrimiento de evidencia esencial, que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio;

(3) fraude;

(4) nulidad de la sentencia;

(5) la sentencia ha sido satisfecha; y

(6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. De conformidad con la jurisprudencia de nuestro Tribunal Supremo, la regla en cuestión debe interpretarse liberalmente y cualquier duda resolverse a favor del que solicite que se deje sin efecto la rebeldía o sentencia. *Dávila v. Hospital San Miguel, Inc.,* 117 D.P.R. 807 (1986); Cuevas Segarra, José, A., *Práctica Procesal Puertorriqueña, Procedimiento Civil,* **Publicaciones JTS**, a la página 267 (1986).

Dos remedios procesales provee la Regla 49.2 de las de Procedimiento Civil: una moción dentro de un mismo pleito y el mismo tribunal o una acción independiente. Respecto a la moción, esta debe presentarse en un plazo razonable o dentro de un término de seis meses de registrada la sentencia u orden del tribunal.

En fecha reciente, nuestro más alto tribunal reafirmó la facultad de los tribunales para *"relevar una parte de una sentencia... o conceder un remedio a una parte que no hubiese sido emplazada y sobre la cual el tribunal no adquirió jurisdicción".* Banco Santander v. Fajardo Farms, 140 D.P.R. ___ (1996), **96 JTS 100.** Fraude que justifique el relevo de sentencia es el denominado fraude intrínseco. Bajo las disposiciones de la Regla 49.2 de las de Procedimiento Civil, se entiende por fraude al tribunal, aquellos tipos de fraude cuyo efecto o cuya intención es mancillar al tribunal como tal o que es perpetrado por oficiales del tribunal de tal forma que la maquinaria judicial no pueda ejercer como de costumbre su imparcial labor de juzgar los casos que se le presentan para adjudicación. *Municipio*

*de Coamo v. Tribunal Superior*, 99 D.P.R. 932 (1971).

Alegaciones falsas, *per se*, en una demanda, no constituyen fundamento para concluir que hubo fraude al tribunal. *Rodríguez v. Tribunal*, 102 D.P.R. 290 (1974). En estos casos el juez debe exigir que la parte demuestre que el hecho de la falsedad del testimonio, no pudo ser descubierto mediante diligencia razonable. *G.A.C. Finance Corp. v. Rodríguez*, 102 D.P.R. 213 (1974). Constituye fraude al tribunal la preparación, el uso y la presentación en la vista del caso de prueba falsa. *Municipio de Coamo v. Tribunal Superior, supra.*

La celebración de una vista cuando se invoca la Regla 49.2 de Procedimiento Civil, no es mandatoria, pues esta regla no es una llave maestra para reabrir a capricho un pleito adjudicado --especialmente si de la faz de la moción es evidente su carencia de méritos--. Procede, sin embargo celebrar una vista para entender en el asunto cuando se invocan razones válidas que requieren la presentación de prueba para sustanciarlas. *Ortiz Serrano v. Ortiz Díaz*, 106 D.P.R. 445 (1977).

Aplicando estas normas al caso ante nos, concluimos que el Tribunal de Primera Instancia debió celebrar una audiencia y oír al demandado respecto a la segunda moción de relevo. ■ Se ha formulado una alegación que en su día podría culminar en una determinación judicial de haberse cometido fraude para obtener una sentencia. También se han formulado alegaciones de circunstancias específicas que podrían haber causado una negligencia excusable en la atención del caso. Pero esa controversia deberá resolverse luego de que la parte promovente de la moción pruebe sus alegaciones en una vista evidenciaria. Después de todo, el proceso adjudicativo debe facilitar la búsqueda de la verdad. *Martínez Rivera v. Tribunal Superior*, 85 D.P.R. 1 (1962).

### III

Por las consideraciones expresadas, se expide el auto solicitado, se revoca la resolución emitida de 7 de febrero de 1997 y se ordena la celebración de vista para la consideración de la moción de relevo de 24 de marzo de 1996. La fianza que fuera prestada se mantendrá en todo vigor hasta la final resolución de esta controversia.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

### ESCOLIOS 97 DTA 130

**1.** El 7 de febrero de 1996 la señora Abdul se acogió a las disposiciones del Capítulo 13 de la Ley de Quiebras Federal.

**2.** En lo que concierne a esta posible ejecución, las partes hacen alusión a un acuerdo cuyo significado el Tribunal deberá sopesar con los demás apuntamientos realizados.

**3.** En cuanto a lo planteado en la primera moción de relevo, sobre el emplazamiento a la corporación, véase el Artículo 12.01 de la Ley General de Corporaciones de Puerto Rico de 1995. 14 L.P.R.A. sec. 3126 (a) (Supl. 1996).