Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| IBRAHIM MUHAMAD ABUFARAH MARÍA DEL ROSARIO DÁVILA ESTRADA<br><br>Recurridos<br><br>v.<br><br>AMC REALTY CORP.<br><br>Peticionario | TA2025CE00096 | *Certiorari*<br>Procedente del Tribunal de Primera Instancia, Sala de SAN JUAN<br><br>Caso Núm.:<br>SJ2023CV07753<br><br>Sobre:<br>Usucapión |
| --- | --- | --- |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

El 7 de julio de 2025, AMC Realty Corp. (en adelante, AMC o la peticionaria) compareció ante este Tribunal de Apelaciones y presentó una Petición de *Certiorari*. En esta, nos solicita la revocación de la *Resolución* emitida el 5 de junio de 2025, y notificada el día siguiente, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, TPI o foro primario). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Solicitud de Relevo de Sentencia* y *Desestimación* presentada por AMC.

Evaluado el legajo apelativo, por los motivos que adelante consignamos, resolvemos expedir el auto de *certiorari* y revocar el dictamen recurrido. Veamos.

I.

El 27 de septiembre de 2023, el matrimonio compuesto por el Sr. Ibrahim Muhamad Abufarah y la Sra. María del Rosario Dávila Estrada (en conjunto, la parte recurrida) instaron una *Demanda Enmendada* sobre usucapión en contra de AMC. Allí, alegaron que han ocupado y poseído

en calidad de dueños, por más de treinta (30) años, de manera continua, pública y pacífica la siguiente propiedad:

> Edificio de tres (3) plantas de trece metros (13.00 m.) por la Calle Arzuaga y veintiún metros (21.00 m.) por la Calle Bumbaugh y compuesto de una (1) planta para comercio, una segunda (2da.) planta para oficina y una tercera (3era.) planta para residencia y oficinas. Todo de concreto armado con un mirador de madera techado de cartón; y unido a dicho edificio existe una casa terrera de concreto con techo de zinc y divisiones de madera, formando todo ese edificio un solo cuerpo radicado en Río Piedras, San Juan y marcado con el número once (11) de la Calle Las Delicias antes, hoy Calle Pedro J. Arzuaga, haciendo esquina con la Calle denominada Borinquen, hoy nombrada Calle Brumbaugh colindante dicho edificio por su frente, SUR; con la Calle Pedro J. Arzuaga; por su derecha, ESTE; con la Calle Brumbaugh, por el OESTE; izquierda con Emilio Antuñano, por el fondo y NORTE; con casa de Rufino Rodríguez.

Ante ello, solicitaron que se inscribiera el dominio de dicha propiedad a su favor. El 13 de diciembre de 2023, la parte recurrida presentó una *Moción para Solicitar autorización para Emplazar por Edicto y Prórroga para Emplazar*. Allí, sostuvo que, a pesar de las gestiones realizadas, no pudo localizar al peticionario por lo que solicitó que se autorizara el emplazamiento por edicto. El 4 de marzo de 2024, el emplazamiento por edicto fue expedido en contra de la peticionaria.

Posteriormente, específicamente, el 26 de abril de 2024, la parte recurrida presentó la *Moción Informativa y Para Solicitar Anotación de Rebeldía y Señalamiento de Vista en su Fondo*. Atendida la moción, el 30 de abril de 2024, el TPI emitió una *Orden*, en la cual anotó la rebeldía a la peticionaria y señaló fecha para la vista en su fondo.

Tras varios trámites procesales, el 3 de julio de 2024, el foro primario notificó *Sentencia Enmendada*. Allí, en virtud de la prueba desfilada, consignó veintiséis (26) hechos que no estaban en controversia. A base de estos hechos y el derecho aplicable declaró Ha Lugar a la *Demanda Enmendada*. En consecuencia, ordenó que el inmueble objeto del pleito fuera inscrito a favor de la parte recurrida y que se cancelara el asiento a favor del antiguo titular.

Así las cosas, el 9 de marzo de 2025, AMC presentó una *(1) Solicitud de Relevo de Sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, (2) Solicitud Desestimación por Falta de jurisdicción sobre la Persona, Incumplimiento con Requisitos para Usucapión, (3) Solicitud de Sanciones por temeridad y honorarios de Abogado*. En síntesis, alegó que la parte recurrida a través de omisiones y alegaciones falsas obtuvo, de manera fraudulenta, una sentencia por usucapión.

En primer lugar, cuestionó la validez del emplazamiento del caso de autos. Sostuvo que la declaración jurada del emplazador, el Sr. Ángel L. Urbina Ortega (en adelante, señor Urbina), presentada en apoyo a la solicitud de emplazamiento por edicto, adolecía de la vaguedad y ambigüedad que nuestro Tribunal Supremo ha censurado en el pasado. Explicó que dicha declaración no exponía de forma detallada las gestiones pertinentes llevadas a cabo para satisfacer los criterios jurisprudenciales requeridos para autorizar dicha solicitud.

Así, manifestó que la corporación se encontraba registrada, aunque con estatus de cancelación, en el portal del Departamento de Estado. Igualmente, señaló que allí constaba la información pertinente que desmentía la declaración del señor Urbina. Es más, añadió que la representación legal de la parte recurrida, el Lcdo. Pabón Rojas (en adelante, Lcdo. Pabón), tenía pleno conocimiento de la realidad de lo hechos, particularmente de la identidad y localización del demandado, pues el abogado arrendaba una oficina en el mismo edificio que operaba el demandado.

En segundo lugar, la peticionaria reclamó incumplimiento con las disposiciones de la Regla 4.6 de Procedimiento Civil, *infra*, toda vez que no se presentó evidencia de que la demanda fuera notificada con acuse de recibo a su última dirección conocida. Ante ello, arguyó que no fue

debidamente emplazado por edicto y, en consecuencia, el TPI carecía jurisdicción sobre su persona.

Por último, y en apoyo a su petición, aseveró que la parte recurrida ha sido arrendataria del edificio objeto del litigio y que depositaba una suma mensual de seiscientos dólares ($600.00) a una cuenta del Banco Popular. En apoyo, señaló unas comunicaciones por medio de la aplicación de Whatsapp fechadas hasta el mes de julio de 2022, en las cuales se exigía el pago del canon de arrendamiento, así como la existencia de una deuda del edificio ante el Centro de Recaudación de Ingresos Municipales (CRIM). En virtud de todos y cada uno de estos planteamientos, la peticionaria solicitó el relevó de la sentencia al amparo de la Regla 49.2 de Procedimiento Civil, el pago de costas y gastos, y una partida por honorarios de abogado.

El 28 de marzo de 2025, la parte recurrida presentó una *Moción en Oposición a Solicitud de Relevo de Sentencia*. En esta, alegó que durante todo el tiempo que ha poseído en concepto de dueño, el AMC ha dejado en abandono total el edificio en cuestión. Indicó que realizó todos los actos de prevención, conservación y protección de la propiedad frente a los diversos fenómenos atmosféricos que impactaron a Puerto Rico sin que apareciera los titulares. Sostuvo que, el abandono de la peticionaria era de tal magnitud que incluía sus obligaciones gubernamentales con el Municipio de San Juan, el CRIM, así como su propia existencia en el Departamento de Estado.

En cuanto las alegaciones de fraude, la parte recurrida realizó una distinción entre el fraude al tribunal y aquel entre las partes. Por consiguiente, manifestó que las alegaciones de fraude planteadas por AMC son particulares a esta última. Por tanto, razonó que al presentarse el relevo de sentencia expirado ya el término dispuesto en las Reglas de Procedimiento Civil, estas quedaban fuera del alcance evaluativo del TPI.

Adicionalmente, esgrimió que el trámite de emplazamiento en el caso de epígrafe se condujo conforme a Derecho. A tales efectos, esbozó que el foro primario ordenó el emplazamiento por edicto al haber acreditado las gestiones realizadas para ubicar al titular del inmueble. A su vez, alegó que las órdenes y el dictamen del TPI se notificaron por correo certificado, más fueron devueltas. Adujo que, realizados los esfuerzos correspondientes para localizar el dueño sin éxito, estaban excusados de notificar por correo certificado la demanda y el emplazamiento.

Así las cosas, el 5 de junio de 2025, y notificada el día siguiente, el foro primario emitió una *Resolución*. En primer lugar, resolvió que el emplazamiento mediante edicto se realizó conforme a derecho. Sostuvo que, el señor Urbina acreditó las gestiones realizadas para localizar a el AMC, por lo cual, el emplazamiento fue autorizado. Por consiguiente, expresó que, desconocido el paradero de la parte emplazada, la publicación del edicto servía como notificación de la demanda y la sentencia recaída en rebeldía.

De igual forma, concluyó que el emplazamiento se realizó dentro los ciento y vente (120) días dispuesto por ley. Esbozó que, sin haber culminado el término para citar personalmente al peticionario, la parte recurrida solicitó autorización para emplazar mediante edicto, por lo que, se condujo conforme a derecho. Por último, determinó que, evaluando los hechos del caso, no ocurrieron circunstancias que permitieran sostener que ocurrió fraude al tribunal. Por lo cual, declaró No Ha Lugar la solicitud de relevo de sentencia.

En desacuerdo, el 7 de julio de 2025, el peticionario acudió ante nos e instó el recurso de epígrafe. En este, señaló la comisión de los siguientes errores:

> Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Solicitud de Relevo de Sentencia y Desestimación presentada por el Peticionario y determinar que la declaración jurada era suficiente

para solicitar el emplazamiento por edicto contra AMC, cuando solo se acreditó una gestión específica para localizar a AMC.

Erró el Tribunal de Primera Instancia el declarar No Ha Lugar la Solicitud de Relevo de Sentencia y Desestimación y determinar que se cumplió con la Regla 4.6 de Procedimiento Civil al determinar que se acreditaron 4 gestiones para localizar a AMC y las mismas fueron suficientes para autorizar el emplazamiento por edicto contra AMC.

Erró el Tribunal de Primera Instancia el declarar No Ha Lugar la Solicitud de Relevo de Sentencia y Desestimación y determinar que se cumplió con la Regla 4.6 de Procedimiento Civil y anotarle la rebeldía al Peticionario.

Erró el Tribunal de Primera Instancia el declarar No Ha Lugar la Solicitud de Relevo de Sentencia y Desestimación y determinar que se cumplió con la Regla 4.6 de Procedimiento Civil y dictar sentencia en rebeldía.

Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Solicitud de Relevo de Sentencia y Desestimación y determinar que el Recurrido cumplió con la notificación de sentencia cuando el propio TPI admite que el Recurrido "no anejó evidencia alguna sobre la notificación".

Erró el Tribunal de Primera Instancia al declarar No Ha Lugar la Solicitud de Relevo de Sentencia y Desestimación y determinar que el Recurrido no incurrió en fraude al Tribunal.

El 8 de julio de 2025, la parte recurrida presentó una *Moción sobre Comparecencia Especial para Solicitar Desestimación*. Allí, alegó que el recurso de epígrafe fue presentado fuera del término dispuesto por nuestro ordenamiento.

Atendida la petición de *Certiorari*, presentada el 7 de julio de 2025 por AMC, así como la aludida moción de desestimación, el 11 de julio de 2025, emitimos una *Resolución*. Mediante esta, declaramos No Ha Lugar la desestimación solicitada.[1] También, le concedimos a la parte recurrida hasta el 17 de julio de 2025 para presentar su oposición al recurso.

Conforme ordenado, el 15 de julio de 2025, la parte recurrida presentó su *Oposición a Recurso de Certiorari*. El 16 de julio de 2025, el peticionario solicitó nuestra autorización para presentar dúplica frente a este escrito. Mediante *Resolución* emitida ese mismo día, notificada el 17,

---

[1] La determinación judicial recurrida fue notificada el viernes, 6 de junio de 2025. Por consiguiente, los treinta (30) días disponibles para acudir en revisión judicial mediante el auto de *certiorari* vencían el 6 de julio del año en curso. No obstante, por ser dicha fecha domingo, el término se corre al próximo día laborable; entiéndase, el 7 de julio de 2025, cuando fue presentado.

declaramos No Ha Lugar esta petición. Así, con el beneficio de la comparecencia de las partes, procedemos a resolver.

-II-

-*A*-

El vehículo procesal de *certiorari* permite a un tribunal de mayor jerarquía a revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 195 (2023) al citar a McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021) y otros.  La característica distintiva del recurso de *certiorari* descansa en la discreción encomendada a este Tribunal de Apelaciones para autorizar su expedición y adjudicar sus méritos. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". BPPR v. SLG Gómez-López, 213 DPR 314 (2023) y casos allí citados. Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, los preceptos que regulan la expedición de un auto de *certiorari* se encuentran en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. Rivera et al. v. Arcos Dorados et al., *supra,* a la pág. 207-208.  La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos

revestidos de interés público o en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia." *Íd.*

De otro lado, el examen de estos autos discrecionales no se da en el vacío o en ausencia de otros parámetros. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de *certiorari*.[2] BPPR v. SLG Gómez-López, *supra,* pág. 337. Estos criterios, pautan el ejercicio sabio y prudente de la facultad discrecional judicial. Mun. de Caguas v. JRO Construction, 201 DPR 703, 712 (2019).

*-B-*

El emplazamiento es el mecanismo mediante el cual se informa a la parte demandada sobre la existencia de una acción judicial presentada en su contra y se le requiere comparecer para formular alegación que corresponda. Ross Valedón v. Hosp. Dr. Susoni et al, 213 DPR 481, 487 (2024) al citar a Rivera Marrero v. Santiago Martínez, 203 DPR 462, 480 (2019). Mediante este mecanismo se adquiere jurisdicción sobre la persona del demandado; de ahí la importancia de que este se realice conforme a derecho. *Id.*, al mencionar a Sánchez Rivera v. Malavé Rivera, 192 DPR 854, 869 (2015). Al final de cuentas, la falta de un correcto emplazamiento a la parte contra la cual un tribunal dicta sentencia produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado. Dicho de otro modo, toda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser

---

[2] Así pues, según la citada regla, estos indicadores son: si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho; si la situación de hechos planteada es la más indicada para el análisis del problema; si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia; si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados; si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración; si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; o si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional. Torres Zayas v. Montano Gómez et als., 199 DPR 458,468-469 (2017).

De ordinario, el método más apropiado para emplazar es el diligenciamiento personal que rige la Regla 4.4 de Procedimiento Civil, 32 LPRA, Ap. V, R. 4.4. Dicha disposición reglamentaria dispone lo siguiente:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:
>
> [. . .]
>
> (e) A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado por nombramiento o designado(a) por ley para recibir emplazamientos. A la Sociedad Legal de Gananciales, [se emplazará] entregando copia del emplazamiento y de la demanda a ambos cónyuges. (Énfasis nuestro)

En cuanto al término disponible para diligenciar el emplazamiento, la Regla 4.3(c) de Procedimiento civil dispone lo siguiente:

> [e]l emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis suplido)

Del lenguaje de la citada regla podemos ver que, entre otros asuntos, esta preceptúa el efecto que tendrá sobre la causa de acción si los emplazamientos dirigidos no logran ser diligenciados conforme establece. De su texto se desprende claramente que la desestimación aludida cobra eficacia en aquella instancia en la cual el demandante no diligenció los

emplazamientos dentro del término de 120 días. Ahora, la desestimación y el archivo sin perjuicio contenidos en la aludida regla exige necesariamente que el foro judicial emita la correspondiente sentencia con esa finalidad. Ross Valedón v. Hosp. Dr. Susoni et al, *supra,* pág. 492.

De otra parte, es meritorio señalar que el término para diligenciar el emplazamiento personal establecido en la arriba transcrita regla es improrrogable. Bernier González v. Rodríguez Becerra, 200 DPR 637, 649 (2018). Sin embargo, cuando se solicita emplazar por edicto dentro del término de seis (6) meses para diligenciar el emplazamiento personal, el término para diligenciar se prorroga tácitamente y comienza nuevamente a transcurrir una vez el tribunal expide el emplazamiento por edicto. Sánchez Ruiz v. Higuera Pérez, et al., 203 DPR 982 (2020). Entiéndase, que si la solicitud para emplazar por edicto se realiza dentro del término de los 120 días que comenzaron a transcurrir desde la presentación de la demanda o la expedición del emplazamiento personal en caso de que fuese una fecha distinta, el término de 120 días comienza de nuevo una vez se expide el emplazamiento por edicto.

-C-

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V R. 49.2, establece el mecanismo procesal que tiene disponible un peticionario para solicitar el relevo de los efectos de una sentencia cuando esté presente alguno de los fundamentos allí expuestos. Pérez Ríos v. Luma Energy, LLC, 213 DPR 203, 214 (2023). En lo pertinente la regla autoriza al Tribunal a relevar a una parte de una sentencia, orden o procedimiento por varios fundamentos: (a) error, inadvertencia, sorpresa o negligencia excusable; (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48; (c) fraude, falsa representación u otra conducta impropia de una parte adversa; (d) nulidad de la sentencia; (e) la sentencia

ha sido satisfecha o renunciada; y (f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.[3]

Para que proceda el relevo de sentencia según la Regla 49.2 de Procedimiento Civil, *supra*, el "peticionario del relevo está obligado a justificar su solicitud amparándose en una de las causales establecidas en la regla". Pérez Ríos v. Luma Energy, LLC , *supra,* pág. 215 al citar a García Colón v. Sucn. González, 178 DPR 527, 540 (2010). Es importante recordar que, pese a que la decisión de relevar a una parte de los efectos de una sentencia es una discrecional, no será así en casos de nulidad o cuando la sentencia ha sido satisfecha. *Id*. Igual de significativo es considerar que la moción de relevo de sentencia no está disponible para corregir errores de derecho, ni errores de apreciación o valoración de la prueba.  Estos son fundamentos para la reconsideración o la apelación del dictamen, pero no para el relevo. García Colón et al. v. Sucn. González, 178 DPR 527, 542-543 (2010).

Cónsono con lo anterior, el término de seis (6) meses para la presentación de la moción de relevo de sentencia es fatal. *Íd*., a la pág. 543. En consecuencia, la Regla 49.2, *supra*, es categórica en cuanto a que la moción de relevo debe presentarse dentro de un término razonable pero que "en ningún caso exceda los seis meses [...]." *Íd*. Ahora bien, dicho plazo es inaplicable cuando se trata de una sentencia nula. Náter v. Ramos, 162 DPR 616, 625 (2004).

### III.

Según arriba enunciamos, para impugnar la *Resolución* emitida en el caso de autos, el peticionario señaló la comisión de seis (6) errores. En síntesis, a través de la discusión de estos, reproduce los distintos argumentos presentados ante el TPI. Así, en resumidas cuentas, al igual que hizo frente al foro primario alega ante nos que la parte recurrida

---

[3] Véase Regla 49.2 de Procedimiento Civil, *supra*.

deliberadamente omitió información importante, relevante y crucial, para obtener una sentencia a su favor, atribuyéndole pues, fraude al tribunal.

Así pues, al discutir su primer señalamiento de error, impugna la declaración jurada sometida en el caso para apoyar la petición de los recurridos para emplazarle por edicto. Igualmente ataca el proceso para emplazar, llevado en cuestión. También señala que la parte recurrida incurrió en perjurio.[4] Ante estos planteamientos, afirma que procedía el relevo de la sentencia por fraude al tribunal.

La parte recurrida, por su parte, al igual que hizo ante el TPI, sobre este asunto en particular sostiene que la solicitud para emplazar por edicto se acompañó una declaración jurada del emplazador que detallaba las diligencias efectuadas para localizar al peticionario. Por tanto, quedó justificada la necesidad de emplazar por edicto.

Para atender cada uno de estos planteamientos, estimamos importante destacar que en el contexto del relevo de una sentencia bajo la Regla 49.2 de Procedimiento Civil, en Puerto Rico constituye fraude aquel perpetrado por oficiales del tribunal; la preparación, el uso y presentación de prueba falsa obtenida por soborno; la instigación al perjurio, o que no se emplace debidamente a una parte. Colón Vega v. Díaz Lebrón, 211 DPR 548 (2023) al citar a Pardo v. Sucn. Stella, 145 DPR 816, 825 (1998); Municipio de Coamo v. Tribunal Superior, 99 DPR 932, 939-940 (1971); y GAC Fin. Corp. v. Rodríguez, 102 DPR 213, 216 (1974).

Igual de transcendental es resaltar que en nuestro ordenamiento jurídico es política pública evitar el fraude y los procedimientos judiciales que priven a una persona de su propiedad sin el debido proceso de ley.

---

[4] Sobre esto último, expone que la parte recurrida presentó bajo juramento información inexacta y engañosa, tal como: afirmaciones erróneas sobre la residencia de los demandados mediante las que deliberadamente ocultó que la parte peticionaria reside fuera de la jurisdicción de Puerto Rico, así como su dirección conocida; omitió intencionalmente el vínculo contractual vigente; y presentó una falta representación de los hechos con el fin de aparentar tener derecho sobre la propiedad en cuestión, "cuando en realidad su posesión se fundamenta en un contrato de arrendamiento y no en un derecho adquirido por usucapión.

Bernier González v. Rodríguez Becerra, 200 DPR 637 (2018), al citar a Quiñones Román v. Cía. ABC, 152 DPR 367, 375 (2000). En virtud de dicha política pública, se requiere que el emplazamiento se haga bien, por lo que se permite al demandado impugnar el emplazamiento a fines de asegurar el estricto cumplimiento de las reglas sobre emplazamientos de parte de los demandantes.[5]

Reconocemos que la decisión recurrida es una discrecional. Asimismo, aceptamos que, por su naturaleza, como regla general merece nuestro respeto. Ahora, los señalamientos levantados por AMC nos convencen de que debemos, a modo de excepción, intervenir. Esto, pues a nuestro juicio, el análisis del foro primario de su moción fue uno superficial y apresurado que ni siquiera reflexionó los reclamos específicos que la parte peticionaria allí sometió con miras a obtener el relevo de la sentencia. Veamos.

En resumidas cuentas, la parte recurrida alegó al tribunal que procedía el relevo de la sentencia, entre otras razones, por falta de jurisdicción sobre su persona. Particularmente, impugnó la validez del emplazamiento por edicto en el caso. A tales efectos, apuntó que las diligencias consignadas por el emplazador no contenían hechos suficientemente específicos y detallados, sino meras generalidades que eran insuficientes en derecho para autorizar emplazar por edicto. Es más, añadió que las manifestaciones hechas por el emplazador en su declaración jurada eran contrarias a los datos del portal del Departamento de Estado, pues de allí sí surgía información suficiente sobre la corporación.

De igual forma, indicó que la representación legal de esta conocía la identidad e información de contacto de AMC, pues fue su arrendatario. Es por todo esto, que al solicitar el relevo de la sentencia la parte peticionaria

---

[5] *Id.*, al mencionar a R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 258.

alegó reiteradamente que la parte recurrida actuó de esta manera con la intención fraudulenta de obtener una sentencia por usucapión a su favor, imputándole fraude procesal. Según AMC, todo ello a sabiendas de no tener derecho a tal remedio.

La porción de la *Resolución Interlocutoria* que atiende tales planteamientos lee de la siguiente manera:

> En cuanto al emplazamiento, AMC alegó 3 errores que vician y anulan el procedimiento, y, por consiguiente, que privan al tribunal de jurisdicción. **En primer lugar, señaló que la parte demandante -al solicitar el emplazamiento por edicto- únicamente acreditó una gestión aislada para intentar localizar al demandado mediante la declaración jurada del emplazador.** Por otra parte, señaló que, al solicitar la declaración de rebeldía, el demandante no incorporó la carta certificada con la notificación de la copia de la demanda ni acompañó la orden que autorizó el emplazamiento por edicto, incumpliendo con la Regla 4.6 de las de Procedimiento Civil, supra. Asimismo, alegó que, al afirmar la parte demandante haber notificado la sentencia publicada y haber enviado copia al demandado, no se incorporó evidencia de la notificación de la sentencia por edicto, según exige la Regla 65.3 de las de Procedimiento Civil. 32 LPRA Ap. V, R. 65.3. De esa forma, procede evaluar las alegaciones a la luz de lo que surge de los autos.

> Sobre la alegación de AMC en cuanto a que la parte demandante solo realizo una sola gestión aislada para intentar localizar al demandado, los primeros señalaron que es una infracción a la Regla de las de Procedimiento Civil. La Regla 4.6 de las de Procedimiento Civil, supra, dispone que la parte que solicite emplazamiento por edicto debe acreditar al tribunal las gestiones realizadas para localizar a la parte que se intenta emplazar y que el tribunal tiene la facultad para ordenar el emplazamiento mediante edicto. En el presente caso, mediante una declaración jurada de Ángel Urbina Ortega, **se acreditaron las 4 gestiones para localizar a AMC y las razones para pedir autorización a emplazar mediante edicto**.

Como puede apreciarse, el tribunal despachó ligeramente la impugnación al emplazamiento efectuada, limitándose a decir que la declaración jurada acreditó 4 gestiones para localizar a AMC y las razones para pedir autorización para emplazar por edicto. Al así hacer, ignoró que el reclamo de nulidad por falta de jurisdicción levantado precisamente señala que el emplazamiento por edicto se obtuvo en violación de las Reglas de Procedimiento Civil, y el debido proceso de ley, pues el emplazador no realizó gestiones eficaces para localizarla. Consideramos que tales reclamos exigían cuando menos un análisis más profundo.

La aludida declaración jurada detalló las gestiones realizadas por el emplazador para ubicar a la corporación demandada. A tales efectos, transcribimos dichas diligencias:

> 3. Que me presenté a la Calle Labra 1004 de Santurce, San Juan, Puerto Rico el día 29 de septiembre de 2023 y en dicho lugar me informaron que dicha compañía, AMC Realty Corp., no está localizada en esa dirección.
>
> 4. Que me presenté al Departamento de Estado a los fines de conocer las oficinas de dicha empresa y me informaron que en sus libros no aparece inscrita ninguna empresa, foránea ni doméstica, con ese nombre.
>
> 5. El día 12 de diciembre de 2023 a las 10:40 a.m. me presenté al correo localizado en la Avenida Fernández Juncos de San Juan, Puerto Rico y hablé con la Srta. Valerie Cadenas y le pregunté si conocía la ubicación de AMC Realty Corp. Esta me informó que no me podía ofrecer esa información, que el correo no lo autoriza ese tipo de información sobre sus usuarios.
>
> 6. Que ese mismo día, a las 11:20 a.m. me presenté al Cuartel de la Policía Estatal de la Calle Cerra y el Agente Molina Vázquez, placa Núm. 19668, y le pregunté si conocía la dirección de AMC Realty Corp. Dicho agente me informó que desconocía la dirección de AMC Realty Corp.[6]

El Tribunal Supremo ha expresado que la declaración jurada que acredite las diligencias realizadas para emplazar un demandado debe incluir hechos específicos tales como la persona con quien se investigó y su dirección. Sánchez Ruiz v. Higuera Pérez, *supra*, pág. 988. Así, al evaluar la suficiencia de tales gestiones, el tribunal "deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo". *Íd.* Partiendo de lo anterior, procederemos a evaluar la suficiencia de las diligencias en conjunto con el derecho aplicable.

Al estudiar la declaración jurada, advertimos que el emplazador hizo cuatro (4) gestiones para intentar emplazar a AMC. También notamos que, al detallar la primera de estas, no identificó la persona con la que dice haber hablado, ni la hora en que ello ocurrió. Mientras tanto, en la segunda,

---

[6] *Moción para Solicitar autorización para Emplazar por Edicto y prórroga para Emplazar*, anejo *"Declaración Jurada"*, Entrada Núm. 10 en SUMAC, TPI.

no indicó la fecha ni hora en que visitó el Departamento de Estado. Tampoco mencionó el nombre de con quien habló. En la declaración jurada, el emplazador solamente identificó por nombre a las personas con las que habló al visitar el correo e ir al Cuartel.

No nos parece que este documento contenga actos específicos de una diligencia razonable para ubicar y emplazar a AMC. Por el contrario, a nuestro juicio contiene meras generalidades que no son otra cosa que prueba de referencia. Allí, no se indica ni una sola gestión vigorosa ni un esfuerzo honesto razonable para emplazarla personalmente. Tan es así, que ni siquiera se consigna una búsqueda en el Internet o en las diferentes plataformas sociales. [7]

Así, evaluada la totalidad de las circunstancias en conjunto con el derecho aplicable, colegimos que las diligencias o esfuerzos realizados para citar personalmente al peticionario fueron insuficientes para autorizar un emplazamiento mediante edicto. Por consiguiente, el TPI nunca adquirió jurisdicción sobre AMC y la sentencia dictada en el pleito es nula. Siendo ello así, concluimos que el foro primario erró al denegar el relevo de sentencia. Habiéndose así resuelto, es innecesario adentrarnos a atender el restante de los señalamientos de errores.

IV.

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* y revocamos la *Resolución* recurrida.

---

[7] Conviene destacar que la parte recurrida alegó que en el portal del Departamento de Estado no aparecía la dirección física y/o postal u oficial alguno de la corporación. A esos fines, presentó capturas de pantalla de referida página web para evidenciar la falta de información. Al estudiar las aludidas capturas, observamos que su contenido corresponde a las secciones de "Detalles" y "Acciones" en dicho portal. No obstante, tras auscultar la página web observamos que la pestaña de "Transacciones" contiene un documento titulado "Archivo Histórico". Evaluado dicho documento, hallamos informes anuales que contenían la dirección de la oficina designada, la dirección postal, así como el nombre del agente residente de la AMC. Departamento de Estado de Puerto Rico, Registro de Corporaciones y Otras Personas Jurídicas, https://rcp.estado.pr.gov/es/entity-information?c=83514-111.

En consecuencia, declaramos ha lugar la *Solicitud de relevo de sentencia* y declaramos nula la *Sentencia* emitida el 1 de julio de 2024, por el Tribunal de Primera Instancia, ante la falta de jurisdicción sobre la persona.

No habiéndose asumido jurisdicción sobre la parte demandada dentro de los términos establecidos por ley, procedemos a desestimar sin perjuicio la demanda de epígrafe.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones